UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVIG, LLC,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>MY STELLAR LIFESTYLE CORP, et al.,<br><br>　　　　　　Defendant(s). | Case No.2:24-CV-715  JCM (MDC)<br><br>ORDER |

Presently before the court is plaintiff EVIG, LLC's motion to remand to state court. (ECF No. 6).  Defendants Bountiful Nature, Inc. and My Stellar Lifestyle Corp. (collectively "defendants") filed a response (ECF No. 10), to which plaintiff replied.  (ECF No. 12).

Also before the court is defendants' motion to dismiss.  (ECF No. 7).  Plaintiff filed a response (ECF No. 8), to which defendants replied.  (ECF No. 11).

Also before the court is plaintiff's motion for a permanent injunction.  (ECF No. 14). Defendants filed a response (ECF No.15), to which plaintiff replied.  (ECF No. 16).

**I.    Background**

This action is one of plaintiff's many trade dress lawsuits.  Plaintiff markets and sells health supplements that contain concentrated servings of fruits and vegetables.  It has been selling a "proprietary blend" of nutrients for more than 20 years. (ECF No. 1-1).  The gravamen of plaintiff's complaint is that defendants have copied the distinctive elements of its supplement packaging, "capitalizing on [p]laintiff's popularity, advertising[,] and [its] marketing."  (*Id*.).

Plaintiff's complaint alleges six causes of action: (1) declaratory relief, (2) injunctive relief,

(3) false advertising/unfair competition, (4) intentional interference with prospective economic advantage, (5) trade dress violation, and (6) violations of NRS 600.435, 600.440 and/or 600.450. (*Id.*).  Plaintiff now moves to remand this matter to state court.  (ECF No. 6).  Defendants move to dismiss the complaint (ECF No. 7), and plaintiff moves for a permanent injunction.  (ECF No. 14).

## II.    Plaintiff's Motion to Remand

Federal courts are courts of "limited jurisdiction."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations omitted).  Although plaintiffs are generally entitled to deference in their choice of forum, a defendant may remove a case originally filed in state court to federal court if "the district courts of the United States" would have original jurisdiction over it.  *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017); 28 U.S.C. § 1441(a).  Relevant to this motion, original jurisdiction includes diversity jurisdiction, which requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand.  28 U.S.C. § 1447(c).  The removing defendant must overcome the "strong presumption against removal" and has the burden of proving diversity jurisdiction.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).  Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court.  *Id*.

Plaintiff states that it seeks damages "in excess of $15,000.00 but less than $74,999.00." (ECF No. 6 at 1).  Defendants do not oppose the motion to remand; however, they argue that plaintiff's request for fees should be denied.  (ECF No. 10 at 4).

Thus, plaintiff's motion to remand is granted because the amount in controversy is less than $75,000. *See* 28 U.S.C. § 1332(a). However, the court finds that plaintiff is judicially estopped from seeking damages in excess of $75,000 in state court. *See Cicero v. Target Corp.*, Case No. 2:13-CV-619 JCM (GWF), 2013 U.S. Dist. LEXIS 89766, *5-6 (D. Nev. 2013).

Moreover, plaintiff requests attorney's fees under 28 U.S.C. 1447(c), which provides that an "order remanding [a case removed from state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (ECF No. 6). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

"Under *Martin*, whether removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). The proper inquiry under Section 1447(c) is whether the removing defendant "lacked an objectively reasonable basis for seeking removal." *Id.*

Whether to award fees is in the district court's discretion and Section 1447(c) does not indicate whether fees should "usually" be granted or denied. *Id.* at 561. Here, the court cannot find that defendants lacked an objectively reasonable basis for removal. Therefore, plaintiff's request for fees is denied.

**III.    Defendants' Motion to Dismiss and Plaintiff's Motion for Permanent Injunction**

Because this matter is remanded to state court, defendants' motion to dismiss (ECF No. 7) and plaintiff's motion for permanent injunction (ECF No. 14) are denied as moot.

. . .

- 3 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 7) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for permanent injunction (ECF No. 14) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that this matter be REMANDED to the Eighth Judicial District Court, Clark County, Nevada, Case No. Case Number A-23-870069-C.

IT IS FURTHER ORDERED that plaintiff is precluded from arguing for damages in excess of $75,000 in any subsequent state court proceeding.

The clerk of court is INSTRUCTED to close this case.

DATED January 22, 2025.

_____
UNITED STATES DISTRICT JUDGE